## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

ATIBA PARKER                                                    PETITIONER

v.                                                    No. 4:23CV116-SA-RP

KEVIN JACKSON, ET AL.                                          RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Abita Parker for a writ of *habeas corpus* under 28 U.S.C. § 2254.   The State has moved [25] to dismiss the instant petition on the merits and, alternatively as procedurally defaulted.   Parker has responded, and the matter is ripe for resolution.   For the reasons set forth below, the instant petition for writ of *habeas corpus* will be dismissed with prejudice as procedurally defaulted and for want of substantive merit.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient.   Duker, The English Origins of the Writ of Habeas Corpus:   A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of *Habeas Corpus*, 9 St. John's L.Rev. 55 (1934).   It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States.   Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it.   *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789.   *Habeas*

*corpus* principles developed over time in both English and American common law have since

been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the
> 1948 Judicial Code. The recodification of that year set out important procedural
> limitations and additional procedural changes were added in 1966. The scope of
> the writ, insofar as the statutory language is concerned, remained essentially the
> same, however, until 1996, when Congress enacted the Antiterrorism and
> Effective Death Penalty Act, placing severe restrictions on the issuance of the writ
> for state prisoners and setting out special, new *habeas corpus* procedures for
> capital cases. The changes made by the 1996 legislation are the end product of
> decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in

violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of

any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237

U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture[1]

Atiba Parker's challenges to his possession of cocaine plea and sentence imposed by the

Lowndes County Circuit Court are premised on his parole eligibility under the 2021 amendments

to the Mississippi parole statute. *See* Doc. 18. As detailed below, in November 2006 he was

convicted on two counts of the sale of cocaine in the Lowndes County Circuit Court. The trial

court sentenced Parker to serve a term of twenty years on Count 1 – and a consecutive term of

fourteen years on Count 2, in the custody of the Mississippi Department of Corrections (MDOC).

In August 2009 Parker pled guilty to one count of possession of cocaine as a second or

subsequent drug offender – and as a habitual offender under Miss. Code Ann. § 99-19-81 – and

the Lowndes County Circuit Court sentenced him to serve eight years for possession of cocaine

---

[1] The court has drawn the facts and procedural posture from the respondent's motion to
dismiss, as they are both well-documented and uncontested.

as a habitual offender, to run consecutively with his prior sentences. Parker's MDOC Inmate Timesheet confirms that he began serving his eight-year-habitual sentence on October 31, 2017.

In his federal petition for writ of *habeas corpus*, Parker requests that he "be resentenced under S.B. 2795" (the "Mississippi Earned Parole Eligibility Act")—the "retroactive drug laws [§] 41-29-139 (A) through (C) passed 2021"—and alleges an "illegal sentence" based on this law change. Doc. 18 at 14. Parker requests that he "be resentence[d] like Felix Wynn in 2020[.]" Doc. 18 at 14. Parker states that he filed a grievance with the MDOC Administrative Remedy Program (ARP) to "have [his] case fit the laws in S.B. 2795 passed [in] 2021 that help [him] get [his] timesheet updated to the changes made by legislation." Doc. 18 at 5. Parker also concedes that he has not exhausted his claims and states that he "did an ARP and got here."[2] Doc. 18 at 11.

As discussed below, the instant petition must be dismissed for several reasons. To the extent that Parker's submissions to the court challenge his parole eligibility under the 2021 amendments to the Mississippi parole statute – or his right to early release on parole on his sentences – he fails to state a cognizable claim for federal *habeas corpus* relief. Parker has repeatedly challenged his sentences in the trial court, in the Mississippi Supreme Court, and through the MDOC ARP; however, he has not properly pursued these challenges to his sentences to conclusion – and, thus, has not exhausted them in the Mississippi Supreme Court. Hence, even if Parker's challenges stated a cognizable claim for federal *habeas corpus* relief, they would nonetheless be dismissed with prejudice as procedurally defaulted – or without prejudice for

---

[2] "ARP" has two meanings within the Mississippi Department of Corrections. First, ARP can simply be a reference to the prison Administrative Remedy Program. However, "ARP" may also refer to a grievance submitted by an inmate.

failure to exhaust state remedies. Finally, Parker's claims are meritless and will also be dismissed with prejudice for that reason.

## Facts and Procedural History[3]

### MDOC Inmate Timesheet

Parker's MDOC Inmate Timesheet confirms that he has the following three sentences imposed by the Lowndes County Circuit Court: (1) twenty years for the sale of cocaine in Count 1 of Cause No. 6231CR1 on November 17, 2006; (2) fourteen years for the sale of cocaine in Count 2 of Cause No. 6231CR1 on November 17, 2006; and (3) eight years as a habitual offender in Cause No. 20060467CR1 on August 25, 2009. **Exhibit A**.[4]

### 2006 Sale of Cocaine Convictions and Sentences.

In July 2005:

¶ 4. Parker was arrested and charged with three separate counts of selling cocaine after being videotaped selling the drugs to a police informant on three separate occasions. The first sale took place several days before the second. The third sale happened the day after the second and was arranged during the second sale. Parker subsequently moved to have all of the counts severed for trial purposes. The circuit court granted Parker's motion to sever with respect to the first sale, but allowed the State to proceed to trial jointly on the other two sales.

*Parker v. State*, 5 So. 3d 458, 460–61 (Miss. Ct. App. 2008) (**Exhibit B**); *see* Doc. 24-1 at 13–14 (SCR, Cause No. 2007-KA-00490-COA, Vol. 1 at 4–5).

In November 2006, Parker was convicted of the two separate July 2005 felony cocaine sales. **Exhibit C**; *see* Doc. 24-1 at 104–07 (SCR, Cause No. 2007-KA-00490-COA, Vol. 1 at 95–98). The trial court sentenced Parker to serve twenty years on Count 1 and fourteen years on

---

[3] The court has drawn the facts and procedural posture from the State's response to the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[4] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

Count 2, to run consecutively, in MDOC custody.   **Exhibit C**; *see* Doc. 24-1 at 104–07 (SCR, Cause No. 2007-KA-00490-COA, Vol. 1 at 95–98).

### 2009 Possession of Cocaine Conviction

"In September 2005—after Parker committed his July 2005 cocaine sales but before his November 2006 trial" on those sale charges—Parker got caught again with cocaine." *Parker v. Mallett*, 298 So. 3d 994, 996 (Miss. 2020) (**Exhibit D**); *see* Doc. 24-8 at 48 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 43).   "This arrest, which occurred on September 24, 2005, was for possession of less than 0.1 grams of cocaine." *Parker*, 298 So. 3d at 996; *see* Doc. 24-8 at 48 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 43).

At the time of Parker's indictment, Miss. Code Ann. § 41-29-139(c)(1)(A) set forth the punishments for the violation:

> Less than one-tenth (0.1) gram or one (1) dosage unit or less may be charged as a misdemeanor or felony.  If charged by indictment as a felony:   by imprisonment not less than one (1) year nor more than four (4) years and a fine not more than Ten Thousand Dollars ($10,000). If charged as a misdemeanor:   by imprisonment for up to one (1) year and a fine not more than One Thousand Dollars ($1,000).

Miss. Code Ann. § 41-29-139(c)(1)(A) (Rev. 2005).   Parker was thus indicted for felony cocaine possession. *Parker*, 298 So. 3d at 996; *see* Doc. 24-8 at 48 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 43).

Further, "[b]ased on Parker's earlier 2006 cocaine sale convictions, the State amended Parker's cocaine possession indictment to charge subsequent drug offender and habitual offender enhancements under Mississippi Code Sections 41-29-147 and 99-19-81." *Parker*, 298 So. 3d at 996; *see* Doc. 24-8 at 57–60 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 52–55).

At the time, Miss. Code Ann. § 41-29-147, the subsequent drug offender statute, provided:

> Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

Miss. Code Ann. § 41-29-147 (Rev. 2005).

> Under Miss. Code Ann. § 99-19-81, the habitual offender statute applicable to Parker:
>
> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2000).

Parker pled guilty to cocaine possession—his third felony. **Exhibit E**; *see* Doc. 24-8 at 49–56 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 44–51)*.* At sentencing, "[t]he trial judge found Parker qualified as a subsequent drug offender." *Parker*, 298 So. 3d at 996; *see* Doc. 24-8 at 61–79 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 56–74). "This gave the judge discretion to double the ordinary maximum sentence." *Parker*, 298 So. 3d at 996 (noting the terms of Miss. Code Ann. § 41-29-147 (Rev. 2005)). Thus, "[t]he judge exercised this discretion and sentenced Parker to eight years—two times the four[-]year statutory maximum." *Parker*, 298 So. 3d at 996 (citing Miss. Code Ann. § 41-29-139(c)(1)(A) (Rev. 2005)); *see* Doc. 24-8 at 61–79 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 56–74). Further, "[b]ecause the trial judge also found Parker qualified as a habitual offender, the mandatory eight[-]year sentence could not be reduced or suspended." *Parker*, 298 So. 3d at 996–97 (noting the terms

- 6 -

of Miss. Code Ann. § 99-19-81 (Rev. 2000)); *see* Doc. 24-8 at 61–79 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 56–74).   "Nor could Parker receive parole for that sentence, which was to run 'consecutive to any other sentence' he was serving."[5]   *Parker*, 298 So. 3d at 997; *see* Doc. 24-8 at 61–79 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 56–74).

### Appeal of 2006 Sale of Cocaine Convictions and Sentences

Parker appealed his 2006 sale of cocaine convictions and sentences, alleging:   (1) the circuit court erred in refusing to sever Counts 1 and 2 of his indictment; (2) the circuit court erred in refusing to grant a continuance; (3) the circuit court erred in refusing to grant one of his peremptory challenges during jury selection; (4) the circuit court erred in refusing to grant a mistrial; and (5) his sentence constitutes cruel and unusual punishment under the Eighth Amendment given his mental condition.   *Parker*, 5 So. 3d at 460; *see* Doc. 24-5 (SCR, Cause No. 2007-KA-00490-COA, Briefs).   The Mississippi Court of Appeals affirmed Parker's cocaine sale convictions and sentences.   *Parker*, 5 So. 3d at 460.   The state appellate court held that:   (1) Parker was not entitled to severance of counts; (2) no manifest injustice resulted from the trial court's denial of Parker's pre-trial motion for a continuance; (3) defense counsel's proffered reasons for exercising a peremptory challenge against a white juror were pretextual, which justified the trial court's refusal to strike the juror; (4) the trial court did not abuse its discretion in denying Parker's motion for a mistrial; and (5) Parker's sentence did not constitute cruel and unusual punishment.   *Id.*   The Mississippi Supreme Court denied certiorari review. *Parker v. State*, 11 So. 3d 1250 (Miss. 2009) (Table) (**Exhibit F**); Doc. 24-7 (SCR, Cause No.

---

[5] Based on Parker's guilty plea in Lowndes County Circuit Court Cause Number 2006-0467-CR1, the circuit court retired Parker's case in Cause Number 2005-0371-CR1 to the files. Doc. 24-8 at 61–79 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 56–74).

2007-CT-00490-SCT, Certiorari Folder).

### 2012 PCR Proceedings

On January 11, 2012, Parker filed a *pro se* motion for post-conviction relief (PCR motion) on his sale of cocaine convictions and sentences in the Lowndes County Circuit Court. Doc. 24-16 at 44 (SCR, Cause No. 2008-0005-CV1K at 44). He also filed a *pro se* PCR motion on his possession of cocaine plea and sentence. Doc. 24-16 at 49 (SCR, Cause No. 2008-0005-CV1K at 49). On February 29, 2012, the circuit court entered an order dismissing Parker's PCR "motion" for lack of jurisdiction. Doc. 24-16 at 54 (SCR, Cause No. 2008-0005-CV1K at 54).

### 2015 Petition for Parole Eligibility

On April 13, 2015, Parker, through counsel, filed a "Petition for Parole Eligibility and in the Alternative for Resentencing" in the Lowndes County Circuit Court. Doc. 24-15 at 5–19 (SCR, Cause No. 2006-0467CR1, Case Folder at 5–19). Parker argued that his cocaine sale "crimes now each, and even combined, carry a maximum sentence of 8 years." Doc. 24-15 at 5 (SCR, Cause No. 2006-0467CR1 at 5). Further, Parker argued that his subsequent crime— possession of cocaine in an amount of less than .1 gram—had been "reclassified as a misdemeanor offense[]." Doc. 24-15 at 5 (SCR, Cause No. 2006-0467CR1 at 5). Parker asserted that "having been sentenced as a nonviolent offender," he "ha[d] served in excess of 25% of his sentence and would not otherwise be eligible for parole." Doc. 24-15 at 6 (SCR, Cause No. 2006-0467CR1 at 6).

Parker thus requested parole under "Mississippi House Bill 585 which amend[ed] Mississippi Code Annotated § 47-7-3(g)(iii)," and provided for parole of a prisoner as follows: "'Notwithstanding the provisions of paragraph 1(a) of this section, any nonviolent offender who has served twenty-five percent (25%) or more of his sentence may be paroled if the sentencing

judge … recommends parole to the Parole Board and the Parole Board approves.'" Doc. 24-15 at 6 (SCR, Cause No. 2006-0467CR1 at 6).

On May 21, 2015, the Lowndes County Circuit Court entered an Order "declin[ing] to recommend that [Parker] be eligible parole at th[at] time" under Miss. Code Ann. § 47-7-3(g)(iii) – and denied Parker's petition. **Exhibit G**; *see* Doc. 24-15 at 21 (SCR, Cause No. 2006-0467CR1). The circuit court reasoned:

> In making its determination, the Court considered [Parker]'s prior convictions (Sale of Cocaine in Count 1 of Lowndes County Criminal Cause Number 2006-0231-CR1 and Sale of Cocaine in Count[] 2 of Lowndes County Criminal Cause Number 2006-0231-CR1), the nature of the charge that [Parker] pled guilty to, as well as the fact that this case involved an agreed plea recommendation which [Parker] received the benefit of (State retired a charge for Sale of Cocaine in Count 3 of Lowndes County Criminal Cause Number 2006-0231-CR1 and Possession of Cocaine in Lowndes County Criminal Cause Number 2005-0371-CR1). Considering all these factors, the Court declines to recommend that [Parker] be eligible for parole at this time.

**Exhibit G**; *see* Doc. 24-15 at 21 (SCR, Cause No. 2006-0467CR1 at 21). Parker's counsel moved for reconsideration of that denial of his petition for parole eligibility, and the circuit court denied reconsideration as unwarranted. **Exhibit G** ("find[ing] that [Parker] has presented no new information which is sufficient to warrant reconsideration of the Court's previous ruling"); *see* Doc. 24-15 at 22–24 (SCR, Cause No. 2006-0467CR1 at 22–24).

**2015 PCR on Cocaine Possession Plea**

On September 21, 2015, Parker filed a *pro se* post-conviction motion and supporting memorandum in the Lowndes County Circuit Court (with a signature date of September 15, 2015), challenging his 2009 cocaine possession plea and resulting sentence. Doc. 24-16 at 80–137 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 75–142). Parker argued: his PCR motion should be excepted from the procedural bar; his guilty plea was not knowingly, voluntarily, or intelligently entered; the trial court's order amending his indictment was

- 9 -

untimely; his sentence was illegal; and trial counsel was ineffective.   Doc. 24-16 at 80–137

(SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 75–142).

On December 7, 2015, the trial court dismissed Parker's PCR motion challenging his

2009 cocaine possession plea and sentence because it was untimely, and his sentence was not

illegal.  **Exhibit H**; *see* Doc. 24-16 at 137–38 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at

132–133).   The trial court addressed Parker's claims of an illegal sentence:

> Regarding [Parker]'s claim that he received an illegal sentence, [Parker] was
> sentenced to serve eight (8) years on a charge of Possession of Cocaine less than
> .1 grams as both a habitual offender under Mississippi Code Annotated § 99-19-
> 81 and a prior offender under the Uniform Controlled Substance Act, pursuant to
> Mississippi Code Annotated § 41-29-147.   [Parker] argues that this sentence
> exceeds the maximum provided for by law, and is therefore illegal.   However,
> the code section which [Parker] was sentenced under was amended in July of
> 2014, and the maximum sentence[] was lowered to one (1) year as cited by
> [Parker] in his petition.   The legislature did not state that this amendment is not
> [sic] to be applied retroactively.   [Parker] entered his plea and was sentenced on
> August 25, 2009, and, therefore, does not receive any benefit from this change in
> the law.   Therefore, the Court finds that, at the time of [Parker]'s sentencing, his
> sentence fell within the statutorily allowed maximum sentence, and this issue is
> without merit.

**Exhibit H**; *see* Doc. 24-16 at 137–38 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 132–

133).   The trial court thus dismissed Parker's PCR motion without a hearing.   **Exhibit H**; *see*

Doc. 24-16 at 137–38 (SCR, Cause No. 2015-CP-01882-COA, Vol. 1 at 132–133).

### Appeal of Dismissal of 2015 PCR on Cocaine Possession Plea

On January 10, 2017, the Mississippi Court of Appeals affirmed the trial court's

dismissal of Parker's 2015 PCR motion challenging his 2009 cocaine possession plea and

sentence as untimely.   *Parker v. State*, 208 So. 3d 19 (Miss. Ct. App. 2017); **Exhibit I**; *see* Doc.

24-10 (SCR, Cause No. 2015-CP-01882-COA, Case Folder).   The Mississippi Court of Appeals

explained that "[t]he only claim asserted by Parker that would be exempted from the bar would

be his claim of an illegal sentence, as errors [a]ffecting fundamental rights are not time-barred."

- 10 -

*Parker*, 208 So. 3d at 22–23 (citing *Rowland v. State*, 42 So. 3d 503, 506 (Miss. 2010), *overruled by Howell v. State*, 358 So. 3d 613 (Miss. 2023))); *see* Doc. 24-10 (SCR, Cause No. 2015-CP-01882-COA, Case Folder). "Thus," the Mississippi Court of Appeals held that, Parker's "other claims are time-barred by the three-year statute of limitations." *Parker*, 208 So. 3d at 23; *see* Doc. 24-10 (SCR, Cause No. 2015-CP-01882-COA, Case Folder).

"Notwithstanding the time-bar," the Mississippi Court of Appeals concluded that "Parker's claims are without merit." *Parker*, 208 So. 3d at 23; *see* Doc. 24-10 (SCR, Cause No. 2015-CP-01882-COA, Case Folder). The Mississippi Court of Appeals held: (1) evidence supported the determination that Parker's guilty plea to cocaine possession was knowingly and voluntarily made; (2) amendment of Parker's indictment did not cause unfair surprise or preclude him from presenting a defense; and (3) Parker's sentence of an eight-year term of imprisonment for possession of less than one-tenth of a gram of cocaine did not exceed the maximum allowed by law. *Parker*, 208 So. 3d at 23; *see* Doc. 24-10 (SCR, Cause No. 2015-CP-01882-COA, Case Folder).

The Mississippi Court of Appeals analyzed the legality of Parker's eight-year sentence for cocaine possession:

> ¶15. At the time of Parker's indictment, conviction, and sentence, Mississippi Code Annotated section 41–29–139(c)(1)(A) (Rev. 2005) stated that the sentence for the crime of possession of less than one-tenth of one gram of cocaine, if charged as a felony, was not less than one year nor more than four years' imprisonment.[6] Mississippi Code Annotated section 99–19–81 mandates that

---

[6] The Mississippi Court of Appeals held:

Section 41–29–139 was revised in 2014, and the maximum sentence was lowered to one year. 2014 Miss. Laws ch. 457, § 37 (H.B. 585). However, as the trial court noted, this revision to the law came after Parker was sentenced, and the revision was not made retroactive. Therefore, Parker does not benefit from the revision. *See Madden v. State*, 186 So.3d 941, 942 (¶ 6) (Miss. Ct. App. 2016).

habitual offenders, those convicted of three or more felonies, are to be sentenced to the maximum term of imprisonment. Mississippi Code Annotated section 41–29–147 states that any person convicted of a second or subsequent drug offense may be imprisoned for a term up to twice the term otherwise authorized, and fined up to twice the amount otherwise authorized.

¶16. Here, Parker was charged by indictment for possession of less than one-tenth of one gram of cocaine as a felony. Parker's indictment was amended to reflect his status as a habitual offender and subsequent drug offender for sentencing purposes in the event he was convicted. Because he was convicted as a habitual and subsequent offender, the court sentenced him to the statutorily required sentence of eight years' imprisonment. His sentence did not exceed the maximum permitted by law. Thus, this issue is without merit.

*Parker*, 208 So. 3d at 24; *see* Doc. 24-10 (SCR, Cause No. 2015-CP-01882-COA, Case Folder).

The record confirms that Parker failed to seek rehearing or certiorari review, and the mandate of

the Mississippi Court of Appeals issued on January 31, 2017. *See* Doc. 24-10 at 2 (SCR, Cause

No. 2015-CP-01882-COA, Case Folder at 2).

### 2017 Motion for Parole Eligibility

On August 7, 2017, Parker, through counsel, filed a motion for parole eligibility under

Mississippi Code Annotated section "47-7-3(iii)." Doc. 24-15 at 42 (SCR, Cause No. 2006-

0467CR1 at 42). On December 7, 2017, the circuit court denied reconsideration of its previous

parole-eligibility ruling as unwarranted. **Exhibit J** ("find[ing] that [Parker] ha[d] presented no

new information which is sufficient to warrant reconsideration of the Court's previous ruling");

*see* Doc. 24-15 at 45 (SCR, Cause No. 2006-0467CR1 at 45).

### 2018 Motion for Parole Eligibility

On October 15, 2018, Parker filed a *pro se* "Motion for parole Eligibility and in the

Alternative for Resentencing." Doc. 24-15 at 46 (SCR, Cause No. 2006-0467CR1 at 46). On

December 3, 2018, the circuit court denied reconsideration of its previous parole-eligibility

---

*Parker v. State*, 208 So. 3d 19, 24 (Miss. Ct. App. 2017).

- 12 -

ruling as unwarranted. **Exhibit K** ("find[ing] that [Parker] ha[d] presented no new information which is sufficient to warrant reconsideration of the Court's previous ruling"); *see* Doc. 24-15 at 70 (SCR, Cause No. 2006-0467CR1 at 47).

### 2018 MDOC ARPs on Parole

"On October 31, 2017, the parole board notified Parker he was eligible for parole on his two 2006 cocaine sale charges." *Parker*, 298 So. 3d at 997. "This led Parker to seek a parole date." *Id.*; *see also see* Doc. 24-15 at 57–60 (SCR, Cause No. 2006-0467CR1 at 57–60).

In October 2018, Parker filed MDOC ARP Number CMCF-18-2303. **Exhibit L**. Parker asserted that under "H.B. 387 passed July 1, 2018, which gives MDOC inmates serving time under the enhanced penalty 41-29-147 a parole date after serving 25% percent of th[ei]r sentence[,]" his eight-year habitual sentence "should have a parole date on [his] time sheet because it is under 41-29-147 subsequent law." **Exhibit L**. Parker further alleged that he was not a "hab[itual offender] under 99-19-81" and was, instead, "a first time offender who ha[d] never been to prison with no priors." **Exhibit L**. Thus, for relief, Parker requested that MDOC "check [his] records and give [him] a parole date on [his] 8[-]year subsequent sentence." **Exhibit L**.

Parker's First Step Response from MDOC official Jeworski Mallett advised Parker:

Offender Parker you do not fall under HB 387. You were "not" sentenced as a subsequent offender. You do fall under *Keyes v. State* where you're eligible for parole on your two 2006 cocaine sale charges, but you must serve the 8 yr. habitual 2009 cocaine possession sentence first.

**Exhibit L**. Parker stated that he was not satisfied with that response and proceeded to Step Two of the MDOC ARP process because he maintained that he "d[id] fall under HB 387 because [his] 8 year sentence is subsequent." **Exhibit L**. Parker's Second Step Response from CMCF Records Supervisor Karen Robinson advised Parker:

- 13 -

Offender Parker, Your 8 years for Cocaine-Possession Cause# 2006-0467CR are Habitual. Your file has been thoroughly reviewed and your sentence has been calculated accurately.

**Exhibit L**. On December 24, 2018, Parker signed for receipt of the Second Step Response and confirmed his completion of the requirement of MDOC ARP process on those claims and his eligibility to seek judicial review within thirty days. **Exhibit L**.

### Appeal of 2018 MDOC ARP on Parole Eligibility

On January 17, 2019, Parker filed a *pro se* complaint in the Rankin County Circuit Court, suing Mallett and Robinson, and seeking judicial review of MDOC's ARP decision. Doc. 24-12 at 7 (SCR, Cause No. 2019-CP-01317-SCT, Circuit Court Record at 7). In his complaint, Parker argued that MDOC wrongly denied him a parole date on his eight-year possession sentence. Doc. 24-12 at 7 (SCR, Cause No. 2019-CP-01317-SCT, Circuit Court Record at 7). He claimed that he was not a subsequent drug offender under Mississippi Code Annotated section 41-29-147. Doc. 24-12 at 7 (SCR, Cause No. 2019-CP-01317-SCT, Circuit Court Record at 7). He also argued that he was not properly charged as a habitual offender under Mississippi Code Annotated section 99-19-81. Doc. 24-12 at 7 (SCR, Cause No. 2019-CP-01317-SCT, Circuit Court Record at 7).

The circuit court disagreed with Parker, holding that MDOC's decision "was within MDOC's authority and supported by substantial evidence; was neither arbitrary nor capricious; and did not violate Parker's statutory or constitutional rights." **Exhibit M**; *see* Doc. 24-12 at 125–26 (SCR, Cause No. 2019-CP-01317-SCT, Circuit Court Record at 125–26). The circuit court thus affirmed MDOC's decision to deny Parker a parole date on his cocaine possession sentence. **Exhibit M**; *see* Doc. 24-12 at 125–26 (SCR, Cause No. 2019-CP-01317-SCT, Circuit Court Record at 125–26).

Parker appealed to the Mississippi Supreme Court, which "affirm[ed] MDOC's parole denial." *Parker*, 298 So. 3d at 996; Doc. 24-13 (SCR, Cause No. 2019-CP-01317-SCT, Case Folder). The Mississippi Supreme Court concluded that "[b]ecause time still remains on Parker's habitual offender sentence, he is statutorily prohibited from receiving parole for his cocaine possession conviction." *Parker*, 298 So. 3d at 996; Doc. 24-13 (SCR, Cause No. 2019-CP-01317-SCT, Case Folder).

First, the Mississippi Supreme Court observed that the court "no longer grants deference to an agency's statutory interpretations." *Parker*, 298 So. 3d at 997. "Instead," the Mississippi Supreme Court "review[s] these interpretations *de novo*." *Id.*

Then, on the merits of MDOC's decision, the Mississippi Supreme Court observed that "Parker's two 2006 cocaine sale sentences are not the impediment here—nor is his subsequent offender designation." *Id.* "Indeed," the court explained, "MDOC officials explained during the ARP process that Parker is parole eligible for both of his 2006 sentences." *Id.* "What prevents Parker from receiving parole is his habitual offender status, which requires he serve his 2009 mandatory eight[-]year sentence—a sentence he has not yet completed." *Id.*

The Mississippi Supreme Court then closely analyzed the statutory provisions at issue in Parker's case:

> ¶9.   Parker received three consecutive sentences for felony drug convictions under Section 41-29-139.   His 2006 cocaine sale sentences are straightforward— twenty and fourteen years.   *See Parker v. State*, 5 So. 3d 458 (Miss. Ct. App. 2008).   When convicted in 2006, Mississippi Code Section 47-7-3 required Parker to serve one quarter of each 2006 sentence and observe the penitentiary's rules to be parole eligible.   Miss. Code Ann. § 47-7-3 (Supp. 2005).   And he did that.   Still, in years past, even though Parker had served a quarter of each sentence, his subsequent offender status under Section 41-29-147 for the 2009 cocaine possession would have precluded his parole.   But recently, House Bill 387 removed this bar.

> ¶10.   On July 1, 2018, House Bill 387 (the Act) became law.   *See* H.B. 387, Reg. Sess., 2018 Miss. Laws ch. 416, § 5.   Among its other provisions, the Act

- 15 -

amended Mississippi Code Section 47-7-3(1)(f). Before the Act, the Section stated that defendants convicted of "felonies with enhanced penalties" were not eligible for parole. Miss. Code Ann. § 47-7-3(1)(f) (Rev. 2015). But the revised statute now has an exception for penalty enhancements under Section 41-29-147. *See* Miss. Code Ann. § 47-7-3(1)(f) (Supp. 2019). The Act specifically provides that "an offender who receives an enhanced penalty under the provisions of Section 41-29-147 for such possession, shall be eligible for parole." *Id*.

¶11. Passage of the Act—and its effect on subsequent offenders—prompted Parker to seek a parole date through the ARP process. Parker is correct that his subsequent offender status no longer precludes MDOC from setting a parole date. But what the Act did *not* do is remove the parole prohibition for habitual offenders. Indeed, at the very beginning of Section 47-7-3, it states "[n]o prisoner convicted as a confirmed and habitual criminal under the provisions of Section[ ] 99-19-81 ... shall be eligible for parole." Miss. Code Ann. § 47-7-3(1)(a) (Supp. 2019). The Act did not change this. And Section 99-19-81 still *makes clear that habitual offenders must serve their sentence without possibility of* suspension, reduction, *parole*, or probation. *See* Miss. Code Ann. § 99-19-81 (Supp. 2019). Because Parker was sentenced as a habitual offender and has not yet completed his 2009 mandatory eight[-]year cocaine possession sentence, MDOC properly denied him a parole date.

*Parker*, 298 So. 3d at 998 (emphasis added).

Finally, the Mississippi Supreme Court addressed Parker's "other claims" on appeal. *Id.* The court observed that "Parker also thr[e]w[] in several postconviction relief type attacks." *Id.* "He aim[ed] at his indictment, the enhancements, and the legality of his mandatory eight[-]year sentence." *Id.* But the Mississippi Supreme Court aptly noted that "Parker ha[d] previously raised similar claims in a postconviction relief petition, which the Court of Appeals found time barred and without merit." *Id.* (citing *Parker v. State*, 208 So. 3d 19, 23–24 (Miss. Ct. App. 2017) (noting that "[o]n the merits, the Court of Appeals held: (1) Parker's guilty plea was knowingly and voluntarily made; (2) the amended indictment's enhancements did not unfairly surprise the defendant nor preclude any defense; (3) his counsel was not ineffective; and (4) Parker's eight year mandatory sentence was permissible because he was both a subsequent drug offender *and* a habitual offender")).

The Mississippi Supreme Court further explained that "Parker did not petition the Court of Appeals for rehearing or seek certiorari review in th[e state supreme c]ourt." *Parker*, 298 So. 3d at 998. "Nor ha[d] he sought permission from th[e Mississippi Supreme] Court to file a subsequent postconviction relief petition in the trial court—something he must do before raising new PCR claims." *Id.* at 998–99.

Thus, the Mississippi Supreme Court concluded:

¶13. Substantial evidence supported MDOC's decision that Parker had to complete his eight year mandatory sentence before becoming parole eligible on his cocaine possession conviction. The decision was not arbitrary or capricious, nor violative of Parker's constitutional or statutory rights. We affirm.

*Id.* at 999.

### 2019 MDOC ARP Number WCCF-19-633

Meanwhile, in June 2019, Parker filed MDOC ARP Number WCCF-19-633. **Exhibit N**. Parker requested that his MDOC Inmate Timesheet be corrected. **Exhibit N**. Parker alleged that he was a first-time offender serving a nonviolent habitual 8-year sentence and that he was eligible for "trusty status like other MDOC habitual offender serving nonviolent sentences." **Exhibit N**.

On July 1, 2019, the MDOC ARP issued a letter, advising Parker:

Your most recent Request for Administrative Remedy which concerns your request regarding [your] time sheet being corrected, has been received; however, it is noted that you have a previously accepted ARP or ARPs which is/are presently under review. Your most recent request for Administrate Remedy is being set aside for handling in due course. If you wish to have your request handled now through the Administrative Remedy Program, you may withdraw (in writing) all pending ARPs.

**Exhibit N**.

Parker's subsequent First Step Response from an MDOC official on ARP Number WCCF-19-633 advised him:

- 17 -

> Offender Parker, Cause # 2006-0467-CR1 is for an 8[-]year habitual sentence. The order clearly states that that term of sentence "shall not be reduced." Trusty status reduces the term of sentence. Trusty status is 30 for 30. You are not eligible for trusty status on your habitual term.

**Exhibit N**. Parker stated that he was not satisfied with that response and proceeded to Step Two of the MDOC ARP process because he "want[ed] to know [if] nonviolent habitual offenders under 99-19-81 [can] go to a sat[el]lite [facility] without getting 30 for 30." **Exhibit N**. Parker's Second Step Response advised Parker that his "case manager c[ould] review [him] for satellite eligibility." **Exhibit N**. On February 13, 2020, Parker signed for receipt of the Second Step Response. **Exhibit N**. A deputy clerk for the Wilkinson County Circuit Court Clerk's Office confirmed to the State that Parker has not filed any actions in that court, as of the filing of the instant Motion to Dismiss.

### 2020 Motion for Parole Eligibility

On January 27, 2020, Parker, through counsel, filed a "Petition Seeking Court's Authorization for Parole Consideration Pursuant to Mississippi Code Section 47-7-3(1)(g)(iii)." Doc. 24-15 at 72 (SCR, Cause No. 2006-0467CR1 at 72). Parker again sought parole eligibility under "HB 585." Doc. 24-15 at 72 (SCR, Cause No. 2006-0467CR1 at 72). On May 28, 2020, the circuit court entered an Order "declin[ing] to recommend that [Parker] be paroled at th[at] time." **Exhibit O**; *see* Doc. 24-15 at 108 (SCR, Cause No. 2006-0467CR1 at 108). The circuit court explained:

> In making its determination, the [c]ourt considered [Parker]'s prior convictions, the nature of the charges, as well as the fact that this case involved an agreed plea recommendation of which [Parker] received the benefit. Considering all of these factors, the [c]ourt declines to recommend that [Parker] be eligible for parole at this time.

**Exhibit O**; *see* Doc. 24-15 at 108 (SCR, Cause No. 2006-0467CR1 at 108).

### 2021 MDOC ARP Number WCCF-21-520

In July 2021, Parker filed MDOC ARP Number WCCF-21-520. **Exhibit P**. Parker claimed that his MDOC Inmate Time Sheet "[wa]s incorrect as of law passed July 1, 2021 SB 2795." **Exhibit P**. He argued that his "possession charge is [now] a misdemeanor that [he is] now serving and" that he had served "50 percent already." **Exhibit P**.

On August 9, 2021, the MDOC ARP issued a letter from the Director of Records, advising Parker:

> Your file has been reviewed, you are serving time on the 8[-]year habitual sentence, once that sentence has been fulfilled, your parole date will be adjusted.

Exhibit P.

Parker stated that he was not satisfied with that response because "[t]his ARP [wa]s supposed to go to CMCF records department or the parole board about the new law 2795 where [his] time changes on the nonviolent drug laws." **Exhibit P**. His Second Step Response from MDOC Chief of Records Alicia Box noted:

> Your consecutive habitual sentence only qualifies for a parole date under Keys v. State law so, once your complete your 8 years you will be eligible to parole out. The Parole Board will determine what date that you will qualify for parole release once the 8 years are completed.

**Exhibit P**. On September 13, 2021, Parker signed for receipt of the Second Step Response and confirmed his completion of the requirement of MDOC ARP process on those claims and his eligibility to seek judicial review within thirty days. **Exhibit P**. Again, a deputy clerk for the Wilkinson County Circuit Court Clerk's Office confirmed to the State that Parker has not filed any actions in that court, as of the filing of the instant Motion to Dismiss.

### 2021 PCR on Cocaine Possession Plea

On October 4, 2021, Parker filed a *pro se* PCR motion in the Lowndes County Circuit Court, alleging that he was "serving an illegal sentence since July 1, 2021, due to S.B. Bill

2795." Doc. 24-16 at 174 (SCR, Cause No. 2008-0005-CV1K at 174). On November 16, 2021, the circuit court entered an Order "dismiss[ing]" Parker's PCR motion as meritless, without a hearing. **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192).

The circuit court observed that Parker "allege[d] that he is serving an illegal sentence, therefore meeting one of the exceptions to the time-barred statute for post-conviction relief." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). But the circuit court concluded that "this allegation" was "false[,] as the statute [Parker] cites as proof of his illegal sentence pertains to parole eligibility." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). The circuit court further explained that "the changes in parole law in July of 2014 were a product of the Mississippi Legislature and are carried out by the Mississippi Department of Corrections." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). The circuit court determined that it "has no jurisdiction to resentence [Parker] based on these changes[,]" and Parker should "apply to the Parole Board for relief, not the trial court." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). Parker did not appeal the circuit court's ruling, and the time for doing so has expired. Miss. R. App. P. 4(a).

### 2022 Petition for Sentence Reconsideration on Cocaine Possession Plea

On April 8, 2022, Parker filed a "Letter Petition for Lift of the 99-19-81 Off [His] 8 Year Sentence or a Recommendation for Parole." *See* Doc. 24-16 at 195 (SCR, Cause No. 2008-0005-CV1K at 195). On May 11, 2022, the circuit court entered an Order construing Parker's pleading as a "Petition for Sentence Reconsideration" and "dismiss[ed]" it, without a hearing. **Exhibit R**; *see* Doc. 24-16 at 207 (SCR, Cause No. 2008-0005-CV1K at 207). The circuit court

"decline[d] to amend any aspect of [Parker]'s sentence." **Exhibit R**; *see* Doc. 24-16 at 207

(SCR, Cause No. 2008-0005-CV1K at 207).   The circuit court explained:

> Furthermore, the Court, after having considered same finds that said Motion is
> filed past the statute of limitations provided in Section 99-39-5 MCA (1972),
> which allows for a post-conviction motion to be filed three years after a
> conviction following a guilty plea or three years following a ruling on direct
> appeal following trial.   Further, the motion meets none of the exceptions of
> Section 99-39-5 MCA (1972), since no new evidence has appeared which was not
> available when the case could have gone to trial, no intervening higher court
> decision has passed, nor is [Parker] being detained on an expired sentence.   The
> Court is therefore of the opinion that said Motion is time barred and should be,
> and hereby is, overruled and denied.

**Exhibit R**; *see* Doc. Doc. 24-16 at 207 (SCR, Cause No. 2008-0005-CV1K at 207).   He did not

appeal the circuit court's ruling, and the time for doing so has expired.   *See* Miss. R. App. P.

4(a).

### 2022 MDOC ARP Number WCCF-22-417

In June 2022, Parker filed MDOC ARP Number WCCF-22-417.   **Exhibit S**.   Parker

requested that his MDOC Inmate Time Sheet be "updated to the new sentencing guidelines

[a]mended in SB 2795 July 1, 2021 dealing only with the 41-29-139 drug laws."   **Exhibit S**.

Parker asserted that "this has nothing to do with parole[.]"   **Exhibit S**.

Parker's First Step Response from MDOC "Director of Records – Jackson, MS" "K.

Jackson" stated:

> Your file has been reviewed.   The records department does not have authority to
> change your sentences, only the courts can do that.

**Exhibit S**.   Parker asserted that he was not satisfied with that response because he was "serving

an illegal sentence[] and need[ed] to go to step two to get to the supreme court so they can send

[him] to who will resentence him."   **Exhibit S**.   Parker's Second Step Response from MDOC

Chief of Records Box stated:

- 21 -

Your sentences were loaded in accordance [with] your sentencing orders signed by the judge. Your time is correct.

**Exhibit S**. On September 6, 2022, Parker signed for receipt of the Second Step Response and confirmed his completion of the requirement of MDOC ARP process on those claims and his eligibility to seek judicial review within thirty days. **Exhibit S**. Again, a deputy clerk for the Wilkinson County Circuit Court Clerk's Office confirmed to the State that Parker has not filed any actions in that court, as of the filing of the instant Motion to Dismiss, and the time to do so has expired.

### Federal *Habeas Corpus* Proceedings

In his current federal petition for writ of *habeas corpus*, Parker raises the following grounds for relief:

> **Ground One**: S.B. 2795 passed retroactive on the sentencing guidelines of 41-29-139. The parole bill is retroactive on 41-29-139 in S.B. 2795 passed 2021 so I can be resentenced on all 3 of my charges, I am now serving an illegal sentence due to this law change. Please look at Ex[h]ibit C.

> **Ground Two**: No grounds other than Ex[h]ibit (C) and all Ex[h]ibits of 2795 S.B. 2021 and 41-29-139 (a) through (d).

> **Ground Three**: Just to be resentence[d] like Felix Wynn in Ex[h]ibit (C) on new drug guidelines.

> **Ground Four**: Same as Ground One through 4. Please look at all Ex[h]ibits.

Doc. 18 at 5–9. Parker seeks "to be resentenced under S.B. 2795 retroactive drug law as 41-29-139 (a) through (c) passed 2021, like Felix Wynn in 2020." Doc. 18 at 14.

### Parker's Petition for Writ of *Habeas Corpus* Regarding Parole Eligibility Will Be Dismissed for Failure to State a Valid Claim for § 2254 Relief

Though the facts and procedural history of Parker's federal *habeas corpus* claims are lengthy and convoluted, their analysis is straightforward. The claims in his petition are premised on "S.B. 2795" "passed 2021." Doc. 18 at 14. Senate Bill 2795 is titled the

"Mississippi Earned Parole Eligibility Act" to amend Miss. Code Ann. § 47-7-3.   Effective July 1, 2021, section 47-7-3 reads, in relevant part:

    (a)    **Habitual offenders**.   Except as provided by Sections 99-19-81 through 99-19-87, no person sentenced as a confirmed and  habitual criminal shall be eligible for parole;

…

    (h)(i)    **Offenders eligible for parole consideration for offenses committed after June 30, 1995**.   Except as provided in paragraphs (a) through (g) of this subsection, offenders may be considered eligible for parole release as follows:

        1.    **Nonviolent crimes**.   All persons sentenced for a nonviolent offense shall be eligible for parole only after they have served twenty-five percent (25%) or ten (10) years, whichever is less, of the sentence or sentences imposed by the trial court.   For purposes of this paragraph, "nonviolent crime" means a felony not designated as a crime of violence in Section 97-3-2.

        2.    **Violent crimes**.   A person who is sentenced for a violent offense as defined in Section 97-3-2, except robbery with a deadly weapon as defined in Section 97-3-79, drive-by shooting as defined in Section 97-3-109, and carjacking as defined in Section 97-3-117, shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less, of the sentence or sentences imposed by the trial court.   Those persons sentenced for robbery with a deadly weapon as defined in Section 97-3-79, drive-by shooting as defined in Section 97-3-109, and carjacking as defined in Section 97-3-117, shall be eligible for parole only after having served sixty percent (60%) or twenty-five (25) years, whichever is less, of the sentence or sentences imposed by the trial court.

        3.    **Nonviolent and nonhabitual drug offenses**.   A person who has been sentenced to a drug offense pursuant to Section 41-29-139(a) through (d), whose crime was committed after June 30, 1995, shall be eligible for parole only after he has served twenty-five percent (25%) or ten (10) years, whichever is less, of the sentence or sentences imposed.

Miss. Code Ann. § 47-7-3 (Rev. 2021).

Thus, based on the allegations in Parker's petition, the court has construed his grounds

for relief as a challenge under Miss. Code Ann. § 47-7-3(h)(i)(3).   *See* Doc. 18 at 6 (citing 2795

S.B. 2021 and §§ 41-29-139(a) through (d)).

In addition, subsection (1)(h)(iv) of Miss. Code Ann. § 47-7-3 provides:

(iv)     **Parole consideration as authorized by the trial court**.
Notwithstanding the provisions of paragraph (a) of this subsection, any
offender who has not committed a crime of violence under Section 97-3-2
and has served twenty-five percent (25%) or more of his sentence may be
paroled by the State Parole Board if, after the sentencing judge or if the
sentencing judge is retired, disabled or incapacitated, the senior circuit
judge authorizes the offender to be eligible for parole consideration; or if
the senior circuit judge must be recused, another circuit judge of the same
district or a senior status judge may hear and decide the matter.   A
petition for parole eligibility consideration pursuant to this subparagraph
(iv) shall be filed in the original criminal cause or causes, and the offender
shall serve an executed copy of the petition on the District Attorney.   The
court may, in its discretion, require the District Attorney to respond to the
petition.

Miss. Code Ann. § 47-7-3(1)(h)(iv) (Rev. 2021).

Based on the language in Parker's federal *habeas corpus* petition, he claims that he is

eligible for parole under the July 2021 amendments to the Mississippi parole statute.   As

discussed below, however, those challenges do not state a cognizable claim for federal *habeas*

*corpus* relief, and the court will dismiss those challenges with prejudice.

To obtain relief under 28 U.S.C. § 2254, Parker must demonstrate that he is "in custody

in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).

To state a valid claim for federal *habeas corpus* relief, Parker must be "deprived of some right

secured to him by the Constitution or the laws of the United States."   *Irving v. Thigpen*, 732

F.2d 1215, 1216 (5th Cir. 1984).

However, Parker's right to early release on parole arises out of Mississippi law, not

federal law.   *See* Miss. Code Ann. § 47-7-1, *et seq*.   In addition, as parole in Mississippi is

*discretionary*, "prisoners in the state have no liberty interest in parole."   *Wansley v. Miss. Dep't*

- 24 -

*of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014); *see Krecic v. Reid*, No. 3:22CV281-DPJ-MTP, 2023 WL 2709725, at *3 (S.D. Miss. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2703622 (S.D. Miss. Mar. 29, 2023) ("The parole board has absolute discretion regarding parole; therefore, a prisoner has no constitutionally protected liberty interest in parole.") (citing *Scales v. Miss. State Parole Bd.*, 831 F.2d 565 (5th Cir. 1987); *Irving*, 732 F.2d at 1217–18; *Smith v. Miss. State Parole Bd.*, 478 F. App'x 97 (5th Cir. 2012) ("The Mississippi statutes do not create a liberty interest and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied."))

Indeed, the Mississippi Supreme Court has long held that parole is discretionary:

> A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state—to be sure, not arbitrarily—as a matter of grace. That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained.

*Davis v. State*, 429 So. 2d 262 (Miss. 1983) (citing *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 11 (1979)); *see also Davis v. Johnson,* 205 F. Supp. 2d 616, 619 (N.D. Miss. 2002) (describing the continuum of increasing liberty interests from one who only has a desire for parole (no liberty interest), to one who has actually been set free on parole (liberty interest)).

Thus, a federal *habeas corpus* petition "based on an argument that state courts are incorrectly applying their own law [ ] is not a basis for [federal *habeas corpus*] relief." *Wansley*, 769 F.3d at 312 (citing *Beazley v. Johnson,* 242 F.3d 248, 261 (5th Cir. 2001) ("the proper interpretation of state law is *not* cognizable in federal habeas proceedings")). Likewise, "when a prisoner has no liberty interest in obtaining parole … he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Wansley*, 769 F.3d at 312–13 (citation omitted); *see also Cotton v. Booker*, 166 F.3d 341, *1 (5th Cir. 1998) (unpub.)

("Because Cotton has no liberty interest in obtaining parole in Mississippi, he cannot complain of the denial of parole based on his allegations of a denial of due process, abuse of discretion, or consideration of false or improper factors.")   Indeed, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."   *Greenholtz,* 442 U.S. at 7.

To the extent that Parker "is entitled to [parole] under Mississippi law," he must "obtain[ that relief] in the courts of that state."   *Wansley*, 769 F.3d at 313.   Though Parker has framed his grounds for relief as challenges to an "illegal sentence," the statute Parker relies upon to support his claim of an "illegal sentence" pertains to "parole eligibility" on his sentences under state law.   *See* Doc. 18; *see also Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."))

Parole in Mississippi is not a right, but a privilege, which may be granted or denied by the parole board under state law.   Parker simply does not have a constitutionally recognized liberty interest in parole – or any of the procedures regarding parole eligibility or parole – because Mississippi's parole system is discretionary.   For this reason, the challenge to his sentences based upon his parole eligibility does not state a valid claim for federal *habeas corpus* relief.   *See Wansley*, 769 F.3d at 312–13.

In sum, Parker's claims regarding his right to early release or his parole eligibility are based entirely on Mississippi law.   *See King v. Lee*, No. 1:17CV112-SA-JMV, 2018 WL 1721934, at *6 (N.D. Miss. Apr. 9, 2018) (dismissing petition challenging parole eligibility with prejudice for failure to state a claim upon which relief could be granted).   Thus, Parker has not alleged the deprivation of a *federal* right.   *See Wansley*, 769 F.3d at 312; *Krecic*, 2023 WL

2709725 at *3. As such, his allegations fail to state a valid claim for federal *habeas corpus*, and the court will dismiss these claims with prejudice for that reason.

**Parker Did Not Exhaust Any of His Grounds for Relief in State Court**

The petitioner did not exhaust his state court remedies as to any of his grounds for relief. "A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19).

To satisfy this exhaustion requirement, a petitioner must generally present his claims to the state's highest court in a procedurally proper manner and provide the state's highest court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999); *see also Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Carter v. Estelle*, 677 F.2d 427, 442–44 (5th Cir. 1982). Exhaustion is accomplished by pursuit of the claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). The exhaustion doctrine "[gives] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518)

(citations omitted).

The court will recount Parker's multiple incomplete challenges to the issues in this case, liberally construing his arguments on S.B. 2795 to have been raised in his 2021 MDOC ARP proceeding, his October 2021 PCR proceeding in the Lowndes County Circuit Court, his 2022 MDOC ARP proceeding, or in his April 2022 petition filed in the Lowndes County Circuit Court. *See* Doc. 18 at 11.

As detailed above, in July 2021, Parker filed MDOC ARP Number WCCF-21-520, alleging that his MDOC Inmate Time Sheet "[wa]s incorrect as of law passed July 1, 2021 SB 2795." **Exhibit P**. He signed for receipt of the Second Step Response in September 2021 and confirmed his completion of the requirement of MDOC's ARP process on those claims to allow him to seek judicial review within thirty days. *Id*. A deputy clerk for the Wilkinson County Circuit Court Clerk's Office confirmed to the State that Parker has not filed any actions in that court, as of the filing of the instant Motion to Dismiss, and the time for doing so has expired.

Next, Parker alleged in his *pro se* October 2021 PCR motion that he was "serving an illegal sentence since July 1, 2021, due to S.B. Bill 2795." Doc. 24-16 at 174 (SCR, Cause No. 2008-0005-CV1K at 174). On November 16, 2021, the circuit court entered an Order "dismiss[ing]" Parker's PCR motion as meritless, without a hearing. **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). The circuit court noted that Parker "allege[d] that he is serving an illegal sentence, therefore meeting one of the exceptions to the time-barred statute for post-conviction relief." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192).

The circuit court concluded, however, that "this allegation" was "false[,] as the statute [Parker] cites as proof of his illegal sentence pertains to parole eligibility." **Exhibit Q**; *see* Doc.

24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). The circuit court further noted that changes in parole law "were a product of the Mississippi Legislature and are carried out by the Mississippi Department of Corrections." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). The circuit court determined that it "has no jurisdiction to resentence [Parker] based on these changes[,]" and Parker should "apply to the Parole Board for relief, not the trial court." **Exhibit Q**; *see* Doc. 24-16 at 192 (SCR, Cause No. 2008-0005-CV1K at 192). Once again, Parker did not appeal the circuit court's ruling, and the time for doing so has expired. Miss. R. App. P. 4(a).

Parker then filed a *pro se* "Letter Petition for Lift of the 99-19-81 Off [His] 8 Year Sentence or a Recommendation for Parole" in the circuit court on April 8, 2022. *See* Doc. 24-16 at 195 (SCR, Cause No. 2008-0005-CV1K at 195). In May 2022, the circuit court construed Parker's pleading as a "Petition for Sentence Reconsideration" and "dismiss[ed]" it, without a hearing. **Exhibit R**; *see* Doc. 24-16 at 207 (SCR, Cause No. 2008-0005-CV1K at 207). The circuit court "decline[d] to amend any aspect of [Parker]'s sentence," construed Parker's filing as a PCR motion, and concluded that it was untimely. **Exhibit R**; *see* Doc. 24-16 at 207 (SCR, Cause No. 2008-0005-CV1K at 207). Parker did not appeal the circuit court's ruling, and the time for doing so has expired. Miss. R. App. P. 4(a).

In June 2022, Parker filed MDOC ARP Number WCCF-22-417. **Exhibit S**. Parker requested that his MDOC Inmate Time Sheet be "updated to the new sentencing guidelines [a]mended in SB 2795 July 1, 2021 dealing only with the 41-29-139 drug laws." *Id*. He alleged that "this has nothing to do with parole[.]" *Id*. He completed the MDOC ARP process, signed for receipt of the Second Step Response on September 6, 2022, and confirmed his completion of the requirement of MDOC's ARP process on those claims to allow him to seek

judicial review within thirty days. *Id.* Again, a deputy clerk for the Wilkinson County Circuit Court Clerk's Office confirmed to the State that Parker has not filed any actions in that court, as of the filing of the instant Motion to Dismiss, and the time for doing so has expired.

As Parker did not pursue any of his claims to conclusion, he has not presented them to the Mississippi Supreme Court, and he has not exhausted his state remedies as to any of his claims.[7] Hence, the instant petition could be dismissed *without prejudice* for failure to exhaust state remedies. However, as discussed below, the time to pursue his claims further has expired, and the instant case will be dismissed *with prejudice* under the doctrine of procedural default.

### The Doctrine of Procedural Default

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Default

When a petitioner's claims are procedurally defaulted, he may overcome this barrier in two ways. First, he may overcome the procedural default by showing cause for it – and actual prejudice from its application (the "cause and prejudice" test). To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States*

---

[7] As discussed above, the court has found that Parker's claims are not cognizable in a *habeas corpus* proceeding. However, even if his claims were viable, he has not exhausted them because he still has an available remedy to do so. *See* 28 U.S.C. § 2254 (b)(1) and (c). Parker "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

*v. Flores*, 981 F.2d 231 (5th Cir. 1993).   To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different.   *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).

Even if a petitioner fails to establish cause for his default and prejudice from its application, he may overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice.   To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction."   *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).   Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."   *Fairman,* 188 F.3d at 644 (citations omitted).

Parker cannot show "cause" to allow the court to reach the merits of his defaulted claims because he has not identified an external impediment that prevented him from properly raising and discussing these claims in the state's highest court.   *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).   Indeed, "neither *pro se* status nor ignorance of the law is sufficient to excuse a procedural default." *See Bell v. Miss. Dep't of Corr.*, No. 3:10CV711-HTW-LRA, 2011 WL 2604737, at *3 (S.D. Miss. June 13, 2011), *report and recommendation adopted*, 2011 WL 2601601 (S.D. Miss. June 30, 2011) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)); *accord Williams v. Morris*, No. 1:20CV220-LG-MTP, 2021 WL 2150713, at *2 (S.D. Miss. Apr. 26, 2021), *report and recommendation adopted*, 2021 WL 2149202 (S.D. Miss. May 26, 2021) (holding same).

Absent a showing of "cause," it is unnecessary for the court to consider whether there is actual prejudice. *See Prible v. Lumpkin*, 43 F.4th 501, 514 (5th Cir. 2022) (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)) (other citations omitted) ("Courts need not consider prejudice if the petitioner fails to show cause, and vice versa."); *see also Hogue v. Johnson*, 131 F. 3d 466, 497 (5th Cir. 1997) (citation omitted) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."); *Hughes v. Quarterman*, 530 F.3d 336, 343 (5th Cir. 2008) (citation omitted) ("Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice.")[8]

In addition, Parker will not suffer a "fundamental miscarriage of justice" if the court does not review the merits of his challenge to his sentences. The "fundamental miscarriage of justice" is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Parker has not met this standard; he has not presented new, reliable evidence, to show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). Indeed, Parker *pled guilty* to the possession of cocaine charge in the trial court. Parker has not shown that a fundamental miscarriage of justice would result if his claims are not considered on the merits.

Parker has procedurally defaulted the claims in his petition because he did not raise them in the state's highest court. Hence, this court may not review Parker's claims, as he has shown

---

[8] To establish prejudice, Parker would be required to show that, but for the alleged error, the outcome of the proceeding would have been different. *See Pickney v. Cain*, 337 F. 3d 542 (5th Cir. 2003). Hence, even if Parker had shown cause for his default, he has not met the burden to show that he suffered prejudice.

neither "cause" nor "prejudice" for failing to bring them before the Mississippi Supreme Court. Nor can he show that the failure to consider those claims would result in a fundamental miscarriage of justice.   As such, the court will dismiss Parker's petition with prejudice as procedurally defaulted.

### Parker's Grounds for Relief Are Also Without Substantive Merit

As discussed in detail above, Parker has not properly exhausted state court remedies regarding the challenges in his federal *habeas corpus* petition.   Further, his claims are not cognizable in a *habeas corpus* proceeding – and are procedurally defaulted.

Nonetheless, though he has not exhausted his claims, the court may still deny relief on the merits.   *See* 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474, 480–82 (5th Cir. 2005) (holding that, although AEDPA requires total exhaustion as a prerequisite for the court to grant relief, the district court may deny relief on the petitioner's unexhausted claims).   The court may thus deny Parker's challenges to the execution of his sentences with prejudice on the merits, even though he has not exhausted his state court remedies on the claims.   *Neville*, 423 F.3d at 482.

Parker's arguments rely upon the language of the 2021 amendments to the Mississippi parole statute.   *See* Doc. 18.   The relevant statute, Mississippi Code Annotated section 47-7-3(1)(a), states that "no person sentenced as a confirmed and habitual criminal shall be eligible for parole."   Miss. Code Ann. § 47-7-3(1)(a) (Rev. 2021).   Subsection (1)(h)(i), applicable to nonviolent and *nonhabitual drug offenders* provides that:

> A person who has been sentenced to a drug offense pursuant to Section 41-29-139(a) through (d), whose crime was committed after June 30, 1995, shall be eligible for parole only after he has served twenty-five percent (25%) or ten (10) years, whichever is less, of the sentence or sentences imposed.

Miss. Code Ann. § 47-7-3 (Rev. 2021).   However, Parker *is* a habitual drug offender, so subsection (1)(h)(i) would not apply to him, and he is not eligible for parole while serving the sentence on his conviction as a habitual drug offender.

As explained above, Miss. Code Ann. § 47-7-3(1)(h)(iv) provides an avenue for habitual offenders to seek parole authorization from the circuit court.   *See* Miss. Code Ann. 47-7-3(1)(h)(iv) (Rev. 2021).   However, nothing in the language of that subsection alters the *discretionary* nature of parole.   Parker has repeatedly sought authorization from the circuit court, which the court has denied based on Parker's prior convictions, the nature of his crimes, as well as the fact that Parker's sentence involved an agreed plea recommendation from which Parker benefitted.

Finally, to the extent that Parker cites "Felix Wynn's" resentencing "in 2020" in support of his claims premised on the 2021 amendments to the applicable statutes, the court finds that argument to be meritless.   Doc. 18 at 14.   In support of his argument, Parker attaches a 2020 news article on Wynn's resentencing.   Doc. 18 at 22.

A review of Wynn's case reveals that his resentencing in 2020 was based on Mississippi Supreme Court precedent and the trial court's error at Wynn's original sentencing, *not* on the July 2021 amendments Parker cites.   A copy of Wynn's PCR motion filed in the Oktibbeha County Circuit Court in February 2020, as available on the Mississippi Electronic Courts System (MEC), confirms that Wynn, through counsel, relied on *Wells v. State*, 160 So. 3d 1136 (Miss. 2015).   **Exhibit T**.   In *Wells*, the Mississippi Supreme Court affirmed Wells' mandatory sentence under Miss. Code Ann. § 99-19-81 – but determined that the trial court erred in reading Miss. Code Ann. § 41-29-147 to *require* that Wells be sentenced to twice the time authorized for a second or subsequent drug conviction.   *Wells*, 160 So. 3d at 1146.   The Mississippi Supreme

- 34 -

Court held that § 41-29-147 provides for *discretionary*, rather than *mandatory*, sentencing. *Wells*, 160 So. 3d at 1146.

Wynn (the inmate Parker cites in the instant petition) argued that the trial court erred during sentencing because the trial court "was under the incorrect belief that [the court] had no choice or discretion but to double [Wynn]'s sentence under 41-29-147 of the Mississippi Code of 1972, as amended." **Exhibit T**. Wynn highlighted the trial court's holding that "the [c]ourt ha[d] no option other than to double the maximum under the law and sentence [Wynn] as a habitual offender under the law" when he sentenced Wynn to 120 years. **Exhibit T** at 6–7. The trial court ultimately resentenced Wynn on his drug convictions in March 2020 to concurrent sentences of thirteen years, ten months, and fourteen days. **Exhibit U**.

Hence, the Mississippi Supreme Court's holding in *Wynn* relied upon Mississippi Supreme Court precedent regarding the construction of Miss. Code Ann. § 41-29-147 – *not* the July 2021 amendments to Mississippi's parole statutes. As such, the holding in *Wynn* does not apply to the instant case. Therefore, Parker's challenges are without substantive merit and will be dismissed with prejudice, notwithstanding his failure to exhaust.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be with prejudice on the merits and under the doctrine of procedural default. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of September, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE